17-3444
Babino v. Gesualdi, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand eighteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - -X
MICHAEL BABINO,
<u>Plaintiff-Appellant</u>,

-v.-                                                17-3444

THOMAS GESUALDI, JOSEPH FERRARA,
SR., LOUIS BISIGNANO, FRANK FINKEL,
ANTHONY D'AQUILA, MARC HERBST,
MICHAEL O'TOOLE, DENISE RICHARDSON,

**MICHAEL BOURGAL, THOMAS CORBETT,**
**and THOMAS J. RYAN,**
            <u>**Defendants-Appellees.**</u>*
- - - - - - - - - - - - - - - - -X

FOR APPELLANT:                         Gerald Dandeneau, Gerald V.
                                       Dandeneau, P.C., Melville, NY.


FOR APPELLEE:                          Tzvi N. Mackson (Joseph J. Vitale
                                       and Michael S. Adler, *on the brief)*
                                       Cohen, Weiss and Simon LLP, New
                                       York, NY.


        Appeal from a judgment of the United States District Court for the Eastern
District of New York (Spatt, <u>J</u>.).

        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**
**ADJUDGED AND DECREED** that the judgment of the district court be
**AFFIRMED**.

        Michael Babino appeals from a memorandum and order denying his
motion for summary judgment and granting the Defendants' motion for
summary judgment.   Babino seeks to collect pension, welfare, and annuity
benefits he argues are due him pursuant to the Employee Retirement Income
Security Act of 1974, 29 U.S.C. § 1001 <u>et seq.</u> ("ERISA").   On appeal, Babino
argues that the district court erred by (1) not considering certain evidence
outside the administrative record, (2) requiring him to provide records of
performance of covered work for his entire tenure at Oakfield Leasing Inc.
("Oakfield"), and (3) upholding the plan administrator's decision to terminate
his welfare benefits and to discount certain hours for his pension and annuity
benefits.   We disagree.

---

* The Clerk of Court is respectfully directed to amend the official caption as listed above.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, and recite them here only as needed.

Babino worked for Oakfield, a trucking company owned by his parents that was party to two collective bargaining agreements with Local 282, I.B.T. (the "Union"). The collective bargaining agreements incorporated a trust agreement requiring Oakfield to make contributions to the Local 282 Welfare, Pension, Annuity, and Vacation & Sick Leave Trust Funds (the "Funds") on behalf of its employees. As relevant here, under the Local 282 Pension Trust Fund Summary Plan Description and the Local 282 Annuity Trust Fund Rules and Regulations, benefits are available only to employees engaged in covered work. See, e.g., App'x 1374, 793. Under the collective bargaining agreements, only driving is considered covered work. See, e.g., App'x 388-389, 538.

Babino also owned and was the sole officer of Coral Industries Inc. ("Coral"), another trucking company. A lawsuit initiated in 2011 by the Trustees of the Funds established that Coral and Oakfield were a single employer dominated by Babino and that the two companies had failed to report over $875,000 that was due to the Funds. See Ferrara v. Oakfield Leasing Inc., No. 11-cv-408 (ADS)(WDW), 2013 WL 1207066, at *2 (E.D.N.Y. Mar. 23, 2013); Ferrara v. Oakfield Leasing Inc., 904 F. Supp. 2d 249, 268 (E.D.N.Y. 2012).

The Funds' lawsuit also revealed evidence of other misconduct by Babino. Babino admitted in a deposition that Coral occasionally paid its drivers in cash. An Oakfield employee named Anthony Zaffuto alleged that Babino wrote his name over Zaffuto's on driving tickets in order to maintain Babino's coverage under the Funds. And another Oakfield employee, Anthony Bassolino, wrote a letter to the Union stating that, during Bassolino's tenure as Shop Steward from August 2009 to July 2012, Babino instructed him to include Babino on three eight-hour driving tours per week, even though Bassolino had not seen Babino drive a truck since at least 2007. Five other Oakfield employees signed Bassolino's letter attesting to its allegations.

3

On January 28, 2014, the Trustees decided to terminate Babino's coverage under the Welfare Fund and disregard all hours of covered work attributed to Babino unless Babino was able to prove to the Trustees' satisfaction that he performed such covered work. The Trustees' decision was communicated to Babino in an April 14, 2014 letter. In a May 27, 2014 letter, Babino's counsel responded that he would commence legal action unless the decision was reversed but provided no documents to support his appeal. On September 8, 2014, the Trustees informed Babino that they would consider his appeal at their September 23, 2014 meeting, but after receiving an email from Babino's counsel informing them that he was gathering documents, the Trustees extended the time to consider the appeal until October 28, 2014 to allow supplementation of the record. However, Babino did not submit any documents, and the Trustees denied his appeal in March 2015. In June 2015, three months after his claim was denied, Babino supplied 70 driving tickets from Oakfield covering 70 days of driving between 2006 and 2009.

We review a district court's decision on cross-motions for summary judgment de novo, in each case construing the evidence in the light most favorable to the nonmoving party. Novella v. Westchester Cty., 661 F.3d 128, 139 (2d Cir. 2011). A decision from an ERISA plan administrator with discretionary authority over decisions regarding benefits, like the one at issue here, is typically reviewed by the district court using the deferential "arbitrary and capricious" standard of review. See Roganti v. Metro. Life Ins. Co., 786 F.3d 201, 210 (2d Cir. 2015). However, because the Trustees' April 14, 2014 letter failed to reference the specific plan provisions they relied on for their decision in violation of 29 C.F.R. § 2560.503-1(g)(1)(ii), their decision is reviewed de novo. See Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ., 819 F.3d 42, 57–58 (2d Cir. 2016). On de novo review of claim denials, district courts retain discretion over whether there is good cause to admit evidence outside the administrative record. Id. at 60.

We conclude that the district court did not abuse its discretion by not considering evidence outside the administrative record, and that it properly found that Babino needed to provide records of covered work throughout his

4

time at Oakfield.   The district court correctly granted Defendants' motion for summary judgment and denied Babino's motion for summary judgment.   We affirm for substantially the same reasons stated by the district court in its thorough decision.

The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK